IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DONNIE SHROPSHIRE, AIS #175941, :

    Plaintiff,              :

vs.                     :    CIVIL ACTION 15-575-CG-M

DEBORAH TONEY, *et al.*,     :

    Defendants.          :

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).  It is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because Plaintiff's claims are frivolous and malicious.

I. Proceedings.

    A. Complaint. (Doc. 4).

The Complaint before the Court is Plaintiff's superseding Amended Complaint, which he was ordered to file because his original Complaint was not on the Court's complaint form.  (Doc. 3).  In the Complaint, in response to the Court's questions,

Plaintiff stated that he had not filed a lawsuit in state or federal court dealing with the same or similar facts or relating to his imprisonment. (Doc. 4 at 3). But then he proceeded to list one lawsuit, *Shropshire v. Toney*, CA No. 10-00470-CB-N (S.D. Ala. 2015), which was against the same Defendants to the present action, Deborah Toney, warden at Atmore Community Work Center ("work release"), and Chandra Johnson, a sergeant at work release. (*Id.*). However, an examination of PACER (Public Access to Court Electronic Records) reflects Plaintiff had filed more than that one prior action, namely, *Shropshire v. Gregg, C*A No. 2:04-cv-655-F (M.D. Ala. 2004) (dismissed as frivolous); *Benion, et al. v. Toney,* CA No. 11-272-WS-C (S.D. Ala. 2012) (Shropshire was dismissed because he did not file an ifp); *Shropshire v. Toney,* CA No. 11-304-WS-N (S.D. Ala.) (consolidated into CA No. 10-470-CB-N); and *Shropshire v. Standard Furniture Co.*, CA No. 15-00073-KD-B (S.D. Ala. 2015) (dismissed as frivolous). Subsequent to filing the present action, Plaintiff filed *Shropshire v. Stewart Hanley,* CA No. 15-593-CB-M (S.D. Ala. 2016), which was dismissed for failure to prosecute.

    B. Shropshire v. Toney, CA No. 10-470-CB-N.

    The prior action identified by Plaintiff warrants reviewing because the present action's allegations arise from the same

incident or are based on the litigation of that action.  In *Shropshire v. Toney*, CA No. 10-470-CB-N (S.D. Ala. Jan. 21, 2015), Plaintiff sued Deborah Toney and Chandra Johnson in a § 1983 action ("*Shropshire I*").  (Doc. 4).[1]  The Court appointed attorney Stewart Hanley to represent Plaintiff.  (Doc. 53). After a bench trial, Plaintiff was awarded a judgment against Defendant Johnson in the amount of $1,000 in compensatory damages and $1,000 in punitive damages plus costs, which included a reasonable attorney's fee.  (Docs. 106, 107). Previously, in that action, Plaintiff's claims for deliberate indifference to a serious medical need were dismissed, which resulted in the dismissal of Defendant Toney.  (Docs. 92, 96).

Briefly, after a bench trial, the *Shropshire I* Court found in its final order that on July 4, 2010, Plaintiff's right foot had a liquid squeezed onto it by another inmate from the squeegee the inmate was using to clean the floor.  (Doc. 106 at 2).  As a result, over a couple days, Plaintiff's foot itched, became inflamed and swollen, and eventually developed blisters, which prevented him from wearing a shoe.  (*Id.*).  On July 6, 2010, Plaintiff was called to the kitchen.  (*Id.*).  Dragging his foot, in a shower slide cut to accommodate the swelling, he

---

[1] The Court takes judicial notice of its records.  *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009).

reported to the steward and said that he could not work due to his foot's condition. (*Id.*). Upon seeing Plaintiff's foot, the steward sent him back to his bunk. (Id. at 2-3).

When Plaintiff began to leave, Defendant Johnson took a squeegee from another inmate, who was mopping the floor, and with "both hands, intentionally 'bammed' it down on Shropshire's injured foot." (*Id.* at 3). His blisters "burst, oozing blood and fluid," and he was overwhelmed with excruciating pain that caused him to leave immediately so Defendant Johnson would not see him cry. (*Id.*). On July 7, 2010, inmate McGaster took Plaintiff to the duty office in a wheelchair, which resulted in Plaintiff being admitted to the infirmary at Fountain, where "he was diagnosed with a chemical burn and a pencillin-resistant strain of staph infection known as MRSA." (*Id.* at 3-4). He stayed in the infirmary for two to three weeks, and for a month he received "treatment consisting of intravenous and/or intramuscular antibiotics, pain medication, and wound care." (*Id.* at 4). According to the records and the medical providers, Plaintiff's foot healed. (*Id.*). The Court noted that "[t]here is no medical evidence that the single blow to Shropshire's foot caused either the staph infection or any other injury that necessitated the treatment Shropshire received or his stay in the infirmary." (*Id.*).

4

C.  <u>Present Complaint's Allegations</u>.  (Doc. 4)

On November 13, 2015, claiming there are new issues, Plaintiff filed the present action, almost ten months after the final judgment was entered in *Shropshire I* on January 21, 2015. (Doc. 4 at 1).  He now maintains that Defendants Toney and Johnson "acted in a conspiracy to cause" injury to his foot (Doc. 4 at 4), on July 4, 2010, they began a conspiracy to deny him due process and equal protection (Doc. 4-1 at 2), they conspired to discriminate against him because of his sexual orientation (Doc. 4 at 5) and to violate the Eighth Amendment (Doc. 4-1 at 2), they discriminated against him in providing medical services on account of his homosexuality (Doc. 4-1 at 3), they discriminated against him under Title VII (Doc. 4 at 4), Defendant Toney authorized the use of muriatic acid at the institution even though it is only to be used by an intelligent professional (Doc. 4-1 at 2), his right foot is still numb from the muriatic acid (Doc. 4-1 at 2), and Defendants committed "perjury" at the trial (Doc. 4 at 1, 4, Doc. 4-1 at 3), removed medical records (Doc. 4-1 at 2), and punitively sent an unidentified inmate witness to another institution.  (*Id.* at 4). In addition to claiming violations of § 1983, he now "invoke[s] 42 U.S.C. §§ 1985, 1986, 1988." (*Id.* at 7).  Furthermore, Plaintiff makes an unconnected statement that inmates Snell and

5

Boyd had the muriatic acid lab results.  (Doc. 4-1 at 3).  For relief, Plaintiff seeks $200,000 in compensatory damages against each Defendant, jointly and severally, and $200,000 in punitive damages against each Defendant.

II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing the Complaint (Doc. 4) under 28 U.S.C. § 1915(e)(2)(B), which provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may  be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Because the statute does not define frivolous or malicious, the definition of these terms has been left to the courts.  *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).[2]  A frivolous claim under § 1915(e)(2)(B)(i) is defined as one that

---

[2]  *Neitzke*'s interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B).  *Bilal v. Driver*, 251 F.3d 1346,1348-49 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).

"lacks an arguable basis in law or fact." *Id.* A claim is frivolous as a matter of law where, *inter alia,* the defendants are immune from suit, *id.* at 327, or the claim seeks to enforce a right that clearly does not exist. *Id.* Furthermore, a malicious claim is one that is abusive of the judicial process. *Mathis v. Glover,* No. 1:04-cv-01074-WKW, 2007 WL 1381573, at *10 (M.D. Ala. 2007)(unpublished) (finding a subsequent complaint that is indistinguishable from a prior complaint containing a substantially identical claim is due to be dismissed as malicious); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998)(finding that lying under penalty of perjury in a complaint about the existence of a prior lawsuit is malicious as it is abusive of the judicial process), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199, 215-17 (2007).

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678
(2009). That is, "[f]actual allegations must be enough to raise
a right to relief above the speculative level" and must be a
"'plain statement' possess[ing] enough heft to 'sho[w] that the
pleader is entitled to relief.'" *Twombly,* 550 U.S. at 555, 557
(second brackets in original). However, "[t]hreadbare recitals
of the elements of a cause of action, supported by mere
conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678.

When considering a *pro se* litigant's allegations, a court
gives them a liberal construction holding them to a more lenient
standard than those of an attorney. *Haines v. Kerner,* 404 U.S.
519, 520 (1972). However, a court does not have "license . . .
to rewrite an otherwise deficient pleading [by a *pro se*
litigant] in order to sustain an action." *GJR Investments v.
County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998),
*overruled on other grounds by Ashcroft v. Iqbal,* 556 U.S. 1937
(2009). Furthermore, a court treats as true factual
allegations, but it does not treat as true conclusory assertions
or a recitation of a cause of action's elements. *Iqbal,* 556
U.S. at 681. And a *pro se* litigant "is subject to the relevant
law and rules of court including the Federal Rules of Civil
Procedure." *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.),
*cert. denied,* 493 U.S. 863 (1989).

III.  Analysis.

A.  Application of Res Judicata.

"The doctrine of claim preclusion (or res judicata) bars the parties to an action from relitigating matters that were or could have been litigated in an earlier suit."  *Shurick v. Boeing Co.*, 623 F.3d 1114, 1116 (11th Cir. 2010).  "The purpose behind the doctrine of res judicata is that the 'full and fair opportunity to litigate protects [a party's] adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.'"  *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir.) (quoting *Montana v. United States*, 440 U.S. 147 (1979)), *cert. denied*, 530 U.S. 1223 (2000).  Res judicata will bar a claim when "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases."  *Id.*; *see Kinsey v. Assurance America Ins. Co.*, No. 1:12-cv-850-MEF-TFM, 2013 WL 1946210, at *4 (M.D. Ala. 2013)(applying res judicata to a second federal lawsuit).

The first element of res judicata requires a final judgment on the merits in *Shropshire I*.  Examining the docket in

9

*Shropshire I*, the parties were given the opportunity to be heard on their claims and contentions, and Plaintiff was appointed a lawyer, (a rare occurrence in a prisoner civil action), which helped to ensure that his claims would be heard. *Kinsey*, 2013 WL 1946210, at *6. *Shropshire I*'s proceedings then culminated in a judgment being entered on January 21, 2015, after summary judgment had been granted on some claims and a bench trial was held on the remaining claims. (Doc. 107). Accordingly, a final judgment on the merits was entered in *Shropshire I*. In addition, the docket sheet reflects that neither party filed an appeal of the final judgment or otherwise challenged the judgment.

The second element requires that a court of competent jurisdiction has rendered the judgment. Federal district courts are given jurisdiction to hear all civil actions that arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. *Shropshire I* was based on a law of the United States, 42 U.S.C. § 1983; therefore, this Court had jurisdiction over *Shropshire I*.

The third element requires that "the parties, or those in privity with them, [be] identical in both suits[.]" *Ragsdale*, 193 F.3d at 1238. In *Shropshire I* Deborah Toney and Chandra Johnson were the Defendants and, again, they are the Defendants

10

in this action.

The fourth and last element provides that "the same of cause of action [be] involved in both cases." (*Id.*).  This element requires more elaboration.  To determine if the cause of action is the same, "[t]he test is one of substance, not form.  Res judicata applies not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact." *Manning v. City of Auburn*, 953 F.2d 1355, 1358-59 (11th Cir. 1992) (quotation marks and citations omitted).  The claims that the parties to the prior litigation are barred from re-litigating are "claims in existence at the time the original complaint is filed or claims actually asserted ... in the earlier action." *Maldonado v. United States Attorney Gen.,* 664 F.3d 1369, 1377 (11th Cir. 2011) (quotation marks and citations omitted).  Therefore, the chief concern is "whether the new claim could have been raised in the prior proceeding." *Id.* (quotation marks omitted).

In the present action, Plaintiff alleges that Defendants "conspired" to injure his foot (Doc. 4 at 4) and to discriminate against him because of his sexual orientation (Doc. 4 at 5),[3]

---

[3] Plaintiff frequently uses the words "conspiracy" or "conspired" in his brief Complaint.  Factual details to support or describe

they discriminated against him on account of his homosexuality in providing medical services (Doc. 4-1 at 3),[4] on July 4, 2010, they began a conspiracy to deny him due process and equal protection (Doc. 4-1 at 2), they conspired to violate the Eighth Amendment (Doc. 4-1 at 2), they discriminated against him under Title VII (Doc. 4 at 4),[5] Defendant Toney authorized the use of muriatic acid at the institution even though it is only to be

---

the conspiracy allegations, however, were not pled.  As a consequence, Plaintiff has failed to state plausible conspiracy claims, and such, these claims are subject to dismissal. *Fullman v. Graddick*, 739 F.2d 553, 556-56(11th Cir. 1984) (holding that a vague and conclusory conspiracy allegation fails to state a claim upon which relief can be granted); *cf. Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966 ("[A] conclusory allegation of agreement at some unidentified point does not supply facts adequately to show illegality. . . . [the allegations] must be placed in the context that raises the suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action.").

[4] In the Report and Recommendation dated September 16, 2014, in *Shropshire I*, Plaintiff's medical claims were addressed on summary judgment, and it was determined that Defendants Toney and Johnson were entitled to qualified immunity on them due to the absence of deliberate indifference.  (Doc. 92 at 18-26). This finding resulted in the dismissal of Defendant Toney.  (*Id.* at 33 n.16).  Subsequently, the Report and Recommendation was adopted by the District Court.  (Doc. 96).

[5] No facts were provided to support the assertions of violations of due process, equal protection, and Title VII.  (However, Plaintiff's claim of an equal protection violation appears to be repetitive of Plaintiff's claim of being discriminated against in medical services on account of his homosexuality.  (Doc. 4-1 at 3)).

used by an intelligent professional (Doc. 4-1 at 2),[6] his right
foot is still numb from the muriatic acid (Doc. 4-1 at 2),[7] and
he wants to "invoke" 42 U.S.C. §§ 1985, 1986, 1988.  These
allegedly new claims and statutory grounds are based on the same
operative nucleus of fact that was before the Court in
*Shropshire I*.  (Doc. 4 at 7).  That is, these claims and grounds
were or could have been included in *Shropshire I* as the factual
bases for these claims arise from the facts in *Shropshire I* and
occurred before the complaint was filed, and the additional
statutory grounds could have been included in the pleading of

---

[6] In the Report and Recommendation dated February 21, 2013, in
*Shropshire I*, a claim based on Defendants Johnson and Toney
using muriatic acid was addressed and found lacking.  (Doc. 41
at 10-11; *see* Docs. 44, 92 at 3).

[7] Previously, in *Shropshire I*, Plaintiff stated that "his
foot is numb[,] I have no feeling," (Doc. 1 at 4), and he
may "lose his foot."  (Doc. 4 at 7).

  Then, after the trial in *Shropshire I*, the Court addressed the
issue of damages in its order, ruling:

> Shropshire undoubtedly suffered mental and emotional
> distress due to the chemical burn, MRSA infection, and
> subsequent treatment.  But these are not attributable
> to the squeegee incident and, therefore, are not
> compensable.  Damages will, however, be awarded for
> the increase in pain and suffering and emotional
> distress resulting from the incident.

Doc. 106 at 8.

13

the complaint in *Shropshire I*.  *See* Doc. 4.  Thus, res judicata bars the re-litigation of these claims and subjects them to dismissal as frivolous.  *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) ("Res judicata and collateral estoppel are . . . affirmative defenses which justify dismissal of a claim as frivolous."); *Guthrie v. United States Gov't*, 618 F. App'x 612, 615 (11th Cir.) (unpublished)(same),[8] *cert. denied, Guthrie v. City of New York,* 136 S.Ct. 877 (2016).

   B.  <u>Application of Collateral Estoppel</u>.

   The other claims raised by Plaintiff in the present action could not have been included in the complaint in *Shropshire I* because they arose during the pendency of *Shropshire I* or at trial.  That is, Plaintiff alleges that Defendants committed "perjury" at the trial (Doc. 4 at 1, 4, Doc. 4-1 at 3), removed medical records (Doc. 4-1 at 2), and punitively sent a witness to another institution.  (*Id.* at 4).  The pleading of these claims is conclusory and vague, as no facts are alleged to describe each claim or to support Plaintiff's conclusion, e.g., perjury.  That is, the allegedly perjurious statements, missing medical record, and absent inmate are not identified and their

---

[8] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11ᴛʜ Cɪʀ. R. 36-2 (2005).

relevance to Plaintiff's *favorable* verdict is not explained.
This information is necessary in order for Plaintiff to state a
plausible claim upon which relief can be granted.   *Twombly,* 550
U.S. at 555, 557 ("Factual allegations must be enough to raise a
right to relief above the speculative level" and must be a
"'plain statement' possess[ing] enough heft to 'sho[w] that the
pleader is entitled to relief.'") (second brackets in original);
*see Fullman v. Graddick*, 739 F.2d 553, 556-56 (11th Cir. 1984)
(vague and conclusory allegations fail to state a claim upon
which relief can be granted and are subject to dismissal).

   Nevertheless, because these claims arose in the litigation
of *Shropshire I*, collateral estoppel precludes Plaintiff from
bringing these claims in the present action.   Collateral
estoppel, or issue preclusion, provides:

> (1) the issue at stake is identical to the one
> involved in the earlier proceeding; (2) the issue was
> actually litigated in the earlier proceeding; (3) the
> determination of the issue ... must have been a
> critical and necessary part of the earlier judgment;
> and (4) the party against whom collateral estoppel is
> asserted must have had a full and fair opportunity to
> litigate the issue.

*Tampa Bay Water v. HDR Engineering, Inc.*, 731 F.3d 1171, 1180
(11th Cir. 2013).

   Without the benefit of supporting information for these
claims, the Court is placed in the position having to speculate

15

about their nature.  The most prominent claim alleges that
Defendants committed perjury.  Perjury is a criminal offense
governed by 28 U.S.C. § 1623 for false declarations before a
grand jury or a court, which a prosecutor brings.  28 U.S.C. §
1623(c); *see Scarbrough v. Myles*, 245 F.3d 1299, 1305 (11th Cir.
2001)("As with any witness testifying under oath, the penalty
for false testimony is potential prosecution for perjury.").
But this statute does not give rise to a civil cause of action.
*Wagner v. Unemployment Comp. Bd. of Review*, 550 F. App'x 99, 100
(3d Cir. 2014)(unpublished).  Thus, a claim for perjury in this
action is frivolous.  *See Otero v. United States Attorney Gen.*, 832
F.2d 141, 141 (11th Cir. 1987) ("a private citizen has no judicially
cognizable interest in the prosecution or non-prosecution of
another").

Nonetheless, providing a liberal construction to
Plaintiff's claim of perjury, the Court deduces that Plaintiff
is complaining that Defendants testified falsely in *Shropshire
I*.  In the final order entered on January 21, 2015, in
*Shropshire I*, awarding Plaintiff a monetary judgment, Senior
United States District Court Judge Butler discussed at length
the reasons he believed Plaintiff's version of events regarding
Defendant Johnson striking Plaintiff's right foot over Defendant
Johnson's version.  (Doc. 106 at 3-6).  Defendant Toney did not

testify at the bench trial.  (Doc. 105 at 1).  Whereas, the present allegations claim that both Defendants committed perjury in "open court" and in a conspiracy.  (Doc. 4 at 4, Doc. 4-1 at 3).  Due to the absence of information, the Court is unable to speculate as to Defendant Toney's alleged testimony.

In the present action, Plaintiff claims that "they took out some of the medical records that was order to the court[sic]." (Doc. 4-1 at 2).  Again, the Court is left to speculate as to the facts supporting this claim with the final order in *Shropshire I* providing no clue.  The Court, however, observes that at the bench trial in *Shropshire I*, Plaintiff's medical records were entered into evidence, which included Plaintiff's medical requests dated July 5, 2010, and July 7, 2010.  (Doc. 105-1 -2 -3; *see also* Doc. 32-6 (Defendants' Special Report with medical records attached)).

The only factual scenario regarding an absent record is Plaintiff's contention that he thought that he submitted a health services request form on July 6, 2010, even though such a form was not found in the medical records.  (Doc. 92 at 14, summary judgment recommendation).  The allegedly absent medical record could be relevant to the issue of deliberate indifference by Defendants on the claim of delaying and failing to get medical treatment for Plaintiff's injured foot, which was an

17

issue before the Court on summary judgment in *Shropshire I*.
(*Id.* at 17). But the Court determined that the evidence
reflected that the medical providers, not correctional
officials, collected and processed the medical request slips
from work release and that Defendants "were reasonably entitled
to rely on a belief that Shropshire was pursuing and would
obtain medical aid through the normal prison channels." (*Id.* at
26). Because it was not established that Defendants were
deliberately indifferent, Defendants were granted qualified
immunity. (*Id.*). To the extent that a claim of a missing
medical record goes to Defendants' deliberate indifference, the
issue of deliberate indifference was addressed in *Shropshire I*.

With respect to Plaintiff's present issues that Defendants
committed perjury or conspired to commit perjury and a medical
record was removed, these issues clearly are identical to those
issues in *Shropshire I* which were previously litigated and a
necessary part of the prior judgment, and which were litigated
by the parties who were given a full and fair opportunity to
litigate. Accordingly, collateral estoppel precludes the re-
litigation of these issues in this action and causes these
claims to be dismissed as frivolous. *Clark*, 915 F.2d at 640
n.2.

C.  <u>Claim for the Punitive Transfer of an Inmate</u>.

In the present action, Plaintiff's remaining claim is "the defendants sent my witness to another facility punitively, to render my civil litigation useless." (Doc. 4-1 at 3). This witness is not identified in the present allegations, nor did Plaintiff list an inmate witness, other than inmate J.C. McGaster, in *Shropshire I*'s pretrial order. (Doc. 102 at 4). And the Court's records show that inmate McGaster testified at trial. (Doc. 105 at 1). Moreover, no issue about the unavailability of an inmate witness is contained in the *Shropshire I's* final order awarding a judgment for Plaintiff. (Doc. 106). Nor does Plaintiff advise what this other inmate's testimony would have been and how the testimony would have impacted the favorable verdict Plaintiff received. In the absence of information to support this claim, the Court finds that Plaintiff has failed to state a plausible claim, which subjects this claim to dismissal. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). But, because Plaintiff did receive a favorable verdict, his "realistic chances of ultimate success are slight" in stating a cognizable claim and, thus, this claim is due to be dismissed as frivolous. *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991); *see Fortson v. Georgia,* 601 F. App'x 772, 774 (11th Cir. 2015) (unpublished) (same).

D. Maliciousness.

19

Because Plaintiff is proceeding *in forma pauperis*, the present action is subject to the screening provisions of 28 U.S.C. § 1915(e)(2)(B), which provides for the dismissal of an action as malicious.  28 U.S.C. § 1915(e)(2)(B)(i).  Courts are given broad discretion in handling *in forma pauperis* actions under § 1915(e)(2)(B) (formerly § 1915(d)).  *Jones v. Bales*, 58 F.R.D. 453, 464 (N.D. Ga.), *aff'd*, 480 F.2d 805 (5th Cir. 1973).[9] "[A]n IFP complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under the authority of section 1915(d)."  *Bailey v. Johnson*, 846 F.2d 1019, 1020 (5th Cir. 1988) (finding the court did not abuse its discretion in dismissing an action as duplicative of prior litigation containing the same claims but against different defendants); *see Bagby v. Karriker*, 555 F. App'x 405, 406 (5th Cir. 2014)(unpublished)(affirming the dismissal of the complaint as malicious and frivolous because it was duplicative of a prior action as the claims it raised could be fairly said to be arising from the same series of events); *Miles v. Williams,* CA No. 2:12-CV-910-TMH, 2012 WL 6923805 at *2 (M.D. Ala. 2012) (dismissing a duplicative second lawsuit as malicious under §

---

[9] The Eleventh Circuit in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

1915(e)(2)(B)(i)); *Perry v. Culliver,* CA No. 12-000231-CG-C, 2012 WL 1994917, at *2 (S.D. Ala.) (dismissing a duplicative action as malicious when the same allegations were made but against different defendants), *adopted*, 2012 WL 1994914 (S.D. Ala. 2012).

In the present action, Plaintiff was awarded a judgment of $2000 in *Shropshire I* and did not take an appeal or otherwise challenge the judgment. *Cf. Farella v. Hockaday,* 304 F. Supp.2d 1076, 1079 (C.D. Ill. 2004) ("The court disagrees that a jury award of $1,000 in a prisoner civil rights case is insignificant. Rare is the prisoner who succeeds in winning a case at all, much less winning more than nominal damages."). Now, Plaintiff elects to file a new action against the same Defendants based essentially on the same series of events that gave rise to *Shropshire I.* Whereas, previously in *Shropshire I,* Plaintiff had a full opportunity to litigate his claims based on the work-release incident and associated with *Shropshire I.*

The law recognizes there must be a conclusion to litigation so defendants are not repeatedly hauled into court on the same matter, and so the courts, with limited judicial resources, do not have to revisit a matter that has been thoroughly litigated. *Cf. Carr v. United States,* 507 F.2d 191, 193 (5th Cir. 1975) ("The doctrine of res judicata makes a final valid judgment

conclusive on the parties as to all matters of fact and law that
were or should have been adjudicated in the proceeding. 1B
Moore's Federal Practice § 0.405(1) (2d ed. 1948). The rule 'is
founded upon the generally recognized public policy that there
must be some end to litigation and that when one appears in
court to present his case, is fully heard, and the contested
issue is decided against him, he may not later renew the
litigation in another court.'")(quoting *Heiser v. Woodruff*, 327
U.S. 726, 733 (1946)), *cert. denied,* 422 U.S. 1043 (1975).  Even
though Plaintiff may not be aware of this aspect of the law
because he is *pro se*, he is still bound by it.  *Moon,* 863 F.2d
at 837.  Nonetheless, reasonableness or logic would dictate that
once a dispute is litigated through to trial, the dispute is
legally finished, the result of which may or may not be to the
satisfaction of either party.  But what unquestionably
transforms Plaintiff's action into a malicious action is the
fact that he was awarded $2000 in damages in *Shropshire I,* which
apparently has compelled him to seek more money based on his
prior success.  Accordingly, this Court additionally concludes
that this action is due to be dismissed with prejudice as
malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).[10]

---

[10]   This action is also malicious due to Plaintiff's affirmative
misrepresentation of his prior litigation history on the

complaint form requiring disclosure of such history and his subsequent signature under penalty of perjury on the complaint form. *Schmidt v. Navarro*, 576 F. App'x 897, 898-99 (11th Cir. 2014) (unpublished) (affirming the dismissal without prejudice of action pursuant to § 1915(e)(2)(B)(i) as malicious as a sanction for the plaintiff's abuse of process when he failed to disclose under penalty of perjury two, prior federal actions on his complaint form); *Pinson v. Grimes*, 391 F. App'x 797, 799 (11th Cir.) (unpublished) (relying on *Rivera*, the Eleventh Circuit affirmed the district court's "finding an abuse of judicial process and issuing a strike" when the prisoner had only listed two prior cases despite having filed two other federal cases within the preceding month), *cert. denied*, 560 U.S. 1013 (2010); *see Rivera,* 144 F.3d at 731 (counting an action as a strike for § 1915(g) purposes, i.e., malicious, when the action was dismissed for abusing the judicial process because the plaintiff had lied under penalty of perjury about the existence of a prior lawsuit).

Moreover, when a court dismisses an action without prejudice as malicious, it must consider whether the action may be re-filed or if the dismissal without prejudice is effectively a dismissal with prejudice due to the statute of limitations having expired and preventing the plaintiff from re-filing the action. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014) (unpublished); *Hines v. Thomas*, 604 F. App'x 796, 800 (11th Cir. 2015) (unpublished).

In Plaintiff's present Complaint, he indicates that he previously filed only one other action in federal court. (Doc. 4 at 3). Nonetheless, an examination of PACER reflects four prior actions filed by Plaintiff, *supra*.

When Plaintiff filed the present action, he knowingly chose not to list all his prior actions. Then, he proceeded to sign the present complaint under penalty of perjury. (Doc. 4 at 12). This type of behavior by a prisoner plaintiff is deemed by the courts to be an abuse of the judicial process so as to warrant the action's dismissal as malicious pursuant to § 1915(e)(2)(B)(i) and to it being counted as a strike for § 1915(g) purposes. Furthermore, the two-year statute of limitations is not an issue as Plaintiff's claims are barred for the reasons discussed heretofore. *See Lufkin v. McCallum*, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir.) (the statute of limitations for a § 1983 action filed in Alabama is two years), *cert. denied*, 506 U.S. 917 (1992).

23

IV.  Conclusion.

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because Plaintiff's claims are frivolous and malicious.

NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for

24

plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 5th day of April, 2016.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE